380 P.2d 501

**Philip G. BALE, Plaintiff-Respondent,**

**v.**

**Sim S. PERRYMAN and Wilder Farms, Inc., an Idaho corporation, Defendants-Appellants.**

No. 9202.

Supreme Court of Idaho.

March 26, 1963.

Smith & Miller, Caldwell, for appellants.

438

Gigray & Boyd, Caldwell, for respondent.

KNUDSON, Chief Justice.

At a point approximately one and one-fourth miles westerly of Wilder, Idaho, two county roads intersect at right angles. The road extending north and south has an oiled surface approximately 24 feet in width and the other is surfaced with gravel.

At a distance of approximately 300 to 400 feet north of said intersection is a private farm driveway leading onto said oiled road from the west.

On the morning of October 23, 1959, Philip G. Bale, plaintiff-respondent, was driving his automobile in a southerly direction along the oiled county road, traveling at a speed of 40 to 50 miles per hour. Some fog existed in the area, although visibility was not substantially impaired. When respondent was approximately 200 feet north of the driveway hereinbefore mentioned, he observed a truck, owned by defendant-appellant, Wilder Farms, Inc., then being driven by its employee, defendant-appellant Sim S. Perryman, enter the road from said driveway. The truck continued southerly along the road at a speed of between 5 and 10 miles per hour.

When respondent was approximately 100 or 150 feet from the intersection he started to pass the truck. Upon entering the intersection appellant Perryman turned the truck to the left in an attempt to travel easterly upon the intersecting road. It was at this point, i. e., in the intersection, that the collision between the vehicles then being driven by respondent and Perryman occurred.

This action was brought by respondent to recover damages in the amount of the cost of repair to his automobile. Appellants denied negligence on their part and as an affirmative defense cross-claimed for

damages to the truck, alleging that respondent was negligent in attempting to pass at an intersection and without giving a proper passing signal. The parties stipulated that the damages alleged in the complaint and cross-complaint were reasonable, leaving only the question of liability to be determined by the court, sitting without a jury. From a judgment in favor of respondent, this appeal is taken.

■ Appellant contends that finding of fact No. 7, as amended, is not supported by the evidence. Said finding is as follows:

"(7) That the intersection of another county road with the one on which the parties herein were driving was visible but that the right-of-way was overgrown with brush and weeds and it could have been overlooked by the inattentive."

Respondent neither testified nor contended that the intersection was overgrown with brush and weeds, or that it was in any respect obstructed from his view, nor has he called attention to any evidence that supports such finding. As concerns respondent's knowledge of the existence of the intersection, he testified as follows:

"Q. Had you driven that road before?

"A. Yes, I had, quite a lot.

"Q. Yet you said you didn't see the intersection, the other cross road; was

that because of the fog, that you could not see it?

"A. No, it was on account of the truck pulled out in front of me and I just, I started to pass, wasn't looking for an intersection.

"Q. You knew the intersection was there?

"A. If I wanted to turn on it I'd known it was there, yes.

"Q. You had driven the road many times?

"A. Quite a few, yes.

"Q. So you knew the intersection was there but you didn't see it this day?

"A. That's right, I mean if I was going to turn I would see it but not turning on that road I didn't pay any attention to it.

"Q. That also is a county road, isn't it?

"A. Yes, it is."

The court found "that plaintiff did not see the intersection which both cars were approaching simply because he did not look for it." We conclude that there is merit to appellant's said contention.

Under other specifications of error it is claimed that the court did not apply the correct law to the facts of the case and further that the findings and judgment are not supported by substantial evidence.

The salient question to be resolved concerns the issue of contributory negligence. The trial court predicated its decision upon the negligence of appellant Perryman, and upon the premise that it is the law of this state that a violation of a statute is "simply evidence of negligence, to be considered along with other evidence by the trier of facts."

In a broad sense such statement of the law is true, however, this Court has repeatedly held that for one to violate a positive statutory inhibition is negligence per se and not merely prima facie evidence of negligence. Brixey v. Craig, 49 Idaho 319, 288 P. 162; State ex rel. McKinney v. Richardson, 76 Idaho 9, 277 P.2d 272; Ineas v. Union Pac. R. Co., 72 Idaho 390, 241 P. 2d 1178. In 65 C.J.S. Negligence § 19c, p. 418, the general rule is stated as:

"The generally accepted view is that violation of a statutory duty constitutes negligence, negligence as a matter of law, or, according to the decisions on the question, negligence per se, for the reason that nonobservance of what the legislature has prescribed as a suitable precaution is failure to observe that care which an ordinarily prudent man would observe, and, when the state regards certain acts as so liable to injure others as to justify their absolute prohibition, doing the forbidden act is a breach of duty with respect to those who may be injured thereby; or, as

it has been otherwise expressed, when the standard of care is fixed by law, failure to conform to such standard is negligence."

Respondent argues that this Court has always qualified the rule mentioned in the foregoing cited cases by stating that the violation could be explained by showing that the conduct in question was excusable or justifiable and such as might reasonably have been expected from a person of ordinary prudence. In support of such contention respondent cites Howard v. Missman, 81 Idaho 82, 337 P.2d 592 and State ex rel. McKinney v. Richardson, supra. We adhere to the rule announced in said cases but the so-called qualifying portion of the rule has no application in the instant case. Respondent was in no imminent danger before undertaking to pass, nor was it done to avoid collision. The only explanation respondent gave for undertaking to pass the truck was "I assumed he was going on straight." He had driven on this particular road "quite a lot" and knew the intersection was there but did not see it on the day of the accident because he "didn't pay any attention to it."

Appellants do not complain of the trial court's finding that Perryman was negligent and there is no issue as regards agency. In this respect the court found:

"(12) That defendant turned to the left without warning at the intersection;"

"(16) That defendant might have turned on his signal light to signal a left turn but that his lighting system was inoperative and no signal was given;

"(17) That defendant did not attempt in any other way to signal following cars as to his intention to make a turn;"

These findings are supported by the record.

Appellants do contend that the court erred when it failed to rule as a matter of law that respondent was guilty of contributory negligence by attempting to pass appellant's truck in violation of I.C. § 49–713, which provides:

"*Further limitations on driving to left of center of roadway.*—(a) No vehicle shall at any time be driven to the left side of the roadway under the following conditions:

\* \* \* \* \* \*

"2. When approaching within 100 feet of or traversing any intersection or railroad grade crossing; \* \* \*."

Respondent admits that he saw appellant's truck enter upon the road from the driveway; that the truck proceeded southerly along the road at a slow rate of speed. He further testified that he reduced his speed to 30 miles per hour; that the truck never went to the right hand side of the road at any time during its course to the intersection; that he turned left and started to pass the truck when he was between 100

and 150 feet north of the intersection; that he sounded his horn; that the accident occurred in the middle of the intersection.

Appellant Perryman testified that when he entered the county road he was driving in low gear at about 5 miles per hour; that he shifted into second gear and proceeded southerly on the right side of the road at between 5 and 10 miles per hour; that his course down the road was even all the way; that the truck was in second gear at the time of the accident; that he did not see respondent at any time "til he hit me"; that he did not hear respondent's horn until respondent was even with his truck; that he had turned the signals on and was in the act of turning left when the accident occurred. The court found that Perryman may have turned on his signal light to signal a left turn, but that his lighting system was inoperative and no signal was in fact given.

The following quoted findings of fact, each of which is supported by competent evidence, are important factors in resolving the issue presented:

"(10) That plaintiff pulled to the left in order to pass the car that had pulled on the road ahead of him and not because it was necessary in order to avoid hitting him;"

"(14) That plaintiff being on the left side of the road and driving at a faster rate than defendant so that he could

**442**

pass him, was unable to slow down or stop so as to avoid a collision with defendant after defendant's intention to make a left turn had become apparent to plaintiff;

"(15) That had plaintiff followed along behind defendant until he reached the intersection no collision would have been likely to have occurred;"

Clearly the statute here involved (I.C. § 49–713) is a safety statute enacted for the protection of all persons using our roads and highways. Respondent frankly admits that he was undertaking to pass the vehicle ahead of him within the 100 foot area specifically prohibited by the statute. There is no other reasonable interpretation of the evidence than to conclude that the voluntary act of respondent, which was a violation of law, resulted in his damage and proximately caused or contributed thereto.

In Carron v. Guido, 54 Idaho 494, 33 P.2d 345, this Court stated:

"The violation of a law, intended for the protection of a person and others like situated, which results in his injury and is the proximate cause of it, is negligence per se."

In Rosevear v. Rees, 77 Idaho 270, 291 P.2d 856, the Court had under consideration the liability of a driver of a car that struck a pedestrian who was crossing the street in the middle of a block in violation of a city ordinance. The Court said:

"In the case at bar the negligence of appellant is not an open question as his actions constituted negligence per se. As to the proximate cause of the accident, there is no evidence to invoke the doctrine of last clear chance or to indicate that the accident would have occurred regardless of whether appellant was on a crosswalk or in the middle of the block. There can be no other reasonable interpretation of the evidence than that the negligence of appellant proximately caused or contributed to his injury."

Respondent seeks to excuse himself on the ground that he did not see the intersection prior to the accident. While driving a motor vehicle on the highway respondent was not only chargeable with what he actually saw and knew as to the location of crossroads, but he was chargeable with what he could or would have seen or known in the exercise of that degree of care which, under the circumstances, would have been exercised by an ordinarily prudent person. Purdy v. Moore (Mo.App.), 224 S.W.2d 838.

It is generally held that in civil actions for damages, where injury occurs as a proximate result of a violation of a statute enacted for the protection of motorists, such violation constitutes negligence

per se. Fields v. Owens (La.App.), 186 So. 849; Cole v. Fletcher Lumber Co., 230 N.C. 616, 55 S.E.2d 86. It must be recognized that certain circumstances furnish an excuse or justification for the negligence presumed to arise on proof of violation of a statute or ordinance. Such circumstances may generally be classified in four categories: (1) Anything that would make compliance with the statute impossible; (2) Anything over which the driver has no control which places his car in a position violative of the statute; (3) An emergency not of the driver's own making by reason of which he fails to obey the statute; (4) An excuse specifically provided by statute. (Florke v. Peterson, 245 Iowa 1031, 65 N.W.2d 372.)

The record in this case is conclusive that the act of respondent in undertaking to pass within the prohibited area constituted negligence per se; that such act was not unavoidable or occasioned by circumstances beyond his control; neither was it justifiable nor excusable.

The trial court correctly found that appellant Perryman failed to give any signal of his intention to turn left at the intersection, as required by I.C. § 49–724. Consequently, the evidence discloses that both drivers were operating their vehicles in violation of statutory regulations and that these acts contributing proximately to the accident complained of, respondent's

recovery is barred by his contributory negligence. Greer v. Marriott, 232 Ala. 194, 167 So. 599.

The Judgment is reversed and the action ordered dismissed. Costs to appellant.

McQUADE, McFADDEN, TAYLOR and SMITH, JJ., concur.