486 P.2d 1013

**Clint HAAKONSTAD, guardian ad litem for Lynn Haakonstad, Plaintiff-Appellant,**

**v.**

**Lavar HOFF, Defendant-Respondent.**

**No. 10604.**

Supreme Court of Idaho.

June 29, 1971.

Marcus & Marcus, Boise, for plaintiff-appellant.

Elam, Burke, Jeppesen, Evans & Boyd, Boise, for defendant-respondent.

McQUADE, Chief Justice.

About noon on December 29, 1969, at the intersection of 28th Street and Bannock Street in Boise, a collision occurred between a vehicle owned and driven by defendant-respondent Lavar Hoff and plaintiff-appellant, Lynn Haakonstad, both of Boise.

Prior to impact respondent Hoff had been traveling east on Bannock Street, and appellant Haakonstad had been traveling north on 28th Street. As they entered the intersection Haakonstad was on respondent's right. The streets were icy and the drivers' view of each other was partially

obscured by a tree, picket fence, and house on the southwest corner of the intersection. They both were entering the intersection at about the same time and neither driver was able to stop his vehicle before colliding. Both vehicles slid on the icy streets prior to impact. The trial court found that the intersection was an uncontrolled intersection. There was testimony by respondent that appellant had been exceeding the speed limit. Respondent testified he was thirty-five to forty feet from the intersection before he observed appellant and at that time appellant was seventy feet from the intersection and proceeding at twenty- to twenty-five miles per hour. Appellant testified that respondent was speeding.

The investigating officer testified that appellant's vehicle skidded fifty feet before impact and respondent's vehicle skidded twenty-six feet before impact. Both drivers testified they applied their vehicle brakes upon sighting one another. After the collision, appellant's vehicle skidded an additional thirty-six feet and hit a power pole and stop sign before coming to rest. Respondent's vehicle, after the collision, made one and one-half circles in the intersection coming to rest twenty-fix feet from the point of impact.

The district judge found that Hoff had failed to yield the right of way as required by I.C. § 49–727(b),[1] but nevertheless held that Hoff was excused due to the "extreme icy conditions of the road." The trial court entered judgment in favor of respondent and dismissed the action. Haakonstad has appealed to this Court asserting that Hoff should not have been excused by the circumstances, but on the contrary, should have been more cautious in light of his knowing of the dangerous road conditions. Appellant argues that the driver of the car, not the conditions of the road, was primarily responsible for the accident.

Because the trial court found that respondent had violated I.C. § 49–727(b), he could have entered judgment in favor of respondent on only two grounds: one, excuse or justification; and two, contributory negligence. The trial judge chose the former and relied on Bale v. Perryman, 85 Idaho 435, 380 P.2d 501 (1963), as the key to the trial court's decision in favor of respondent. However, *Bale* held that the act of respondent in that case "in undertaking to pass within the prohibited area constituted negligence *per se*; that such an act was not unavoidable or occasioned by circumstances beyond his control; neither was it justifiable nor excusable." Bale v. Perryman, *supra*, at p. 443, 380 P.2d at p. 505. *Bale* does recognize four excuses for violating a motor vehicle statute at page 443 of that decision. These four categories of excusing circumstances were directly taken from an Iowa Supreme Court case, Florke v. Peterson, 245 Iowa 1031, 65 N.W.2d 372 (1954). The Iowa Supreme Court in turn obtained its categories for legal excuse for statutory violation from the Ohio Supreme Court; *see* page 376, 65 N. W. 2nd of the *Florke* decision. There the distinction is drawn, and properly so, between the common law rule of reasonable care or care which a reasonably prudent man would exercise under like circumstances, and the rule in the instance of a statutory violation:

"The Ohio Supreme Court has made the distinction: 'Since the failure to comply with * * * a safety statute constitutes negligence per se, a party guilty * * * cannot excuse himself from compliance by showing that "he did or attempted to do what any reasonably prudent person would have done under * * * similar circumstances.' A legal excuse * * * must be something that

---

1. "**49–727.** *Vehicle approaching or entering intersection.*—(a) The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway.

"(b) When two (2) vehicles enter an intersection from different highways at approximately the same time the driver of the vehicle on the left shall yield the right of way to the vehicle on the right."

would make it impossible to comply with the statute * * *.'"

Florke v. Peterson, *supra*, at 376, citing Bush v. Harvey Transfer Co., 146 Ohio 657, 67 N.E.2d 851, 855–856 (1946). Therefore, the trial court's conclusion of law number two that:

"A statutory violation constitutes negligence as a matter of law unless facts in the instance would support the action of a reasonable and prudent man under the circumstances. The presumption of negligence may be reputed [sic] by showing he was acting as a reasonable and prudent man would act or as exercising due care under the circumstances * * *[,]" cannot be sustained by the findings of fact.

The trial court's finding that the icy road condition was the proximate cause of the accident cannot serve as justification for the conclusion that the respondent is excused from liability because he was prudent in the operation of his vehicle. Nagel v. Hammond, 90 Idaho 96, 104, 408 P.2d 468 (1965); Lundy v. Hazen, 90 Idaho 323, 327, 411 P.2d 768 (1966).

The trial court found that it was unnecessary to make a finding of fact relative to appellant's contributory negligence, if any. The trial court was in error on its theory in concluding that this was an unavoidable accident and that defendant was excused by the icy road conditions. To uphold the judgment on the findings of fact we would be required to rule as a matter of law that the appellant was speeding or was otherwise contributorily negligent. Such findings are left to the discretion of the trier of fact. Chard v. Bowen, 91 Idaho 521, at 527, 427 P.2d 568 (1967); Stallinger v. Johnson, 65 Idaho 101, 139 P. 2d 460 (1943).

Therefore, this case is reversed and the cause remanded to the trial court for further findings of fact on the issue of con-

tributory negligence and it may reconsider its judgment in light thereof.

Costs to appellant.

McFADDEN, DONALDSON and SPEAR, JJ., and SCOGGIN, District Judge, concur.