761 P.2d 1242

Marie G. RUGE and Jim Ruge, wife and husband, Plaintiffs–Appellants,

v.

Frank Reed POSEY and Jane Doe Posey, husband and wife, Defendants–Respondents.

No. 16957.

Court of Appeals of Idaho.

Sept. 6, 1988.

Penelope Parker–Kimber and John C. Hohnhorst (Hepworth, Nungester, Felton & Lezamiz), Twin Falls, for plaintiffs-appellants.

Thomas A. Banducci (Eberle, Berlin, Kading, Turnbow & Gillespie), Boise, for defendants-respondents.

BURNETT, Judge.

Rule 37(c), I.R.C.P., authorizes a trial judge to award costs and attorney fees expended to prove "the truth of any matter" denied in response to a request for admission. The primary issue in this appeal is the trial judge's refusal to make such an award. We also are asked to review the judge's denial of costs and attorney fees under I.R.C.P. 54. For reasons explained below, we affirm the district court's order in part, vacate it in part, and remand the case.

The facts essential to our opinion are straightforward. Marie Ruge was crossing a street in Twin Falls, Idaho, when she was struck by a vehicle. The driver was Frank Posey. Marie sustained injuries as a result of the accident. She and her husband, Jim Ruge, sued Posey and Posey's wife. The complaint alleged that Posey's negligence had caused Marie's personal injuries. In their prayer for relief, the Ruges sought damages for Marie's injuries as well as for loss of consortium suffered by Jim. The couple also claimed punitive damages. The Poseys answered, denying the material allegations of the complaint.

During discovery, the Ruges served several requests for admission pursuant to I.R.C.P. 36(a). They asked Posey to admit that his negligence proximately caused Marie's injuries.[1] Posey denied these requests, asserting that Marie's negligence was greater than his. Subsequently, at the conclusion of all evidence at trial, the district judge granted the Ruges' motion for a directed verdict on the question of liability. The judge found that Posey was 100 percent at fault in the accident.

Left to decide the damage issues, the jury returned a verdict of $42,000 for Marie's personal injuries. However, the jury made no award for loss of consortium or for punitive damages. Following entry of judgment, the Ruges filed a motion for costs and attorney fees pursuant to Rules 54 and 37(c), I.R.C.P. The motion was denied. The Ruges appealed.

I

We first discuss the Rule 37(a) issue. The rule provides, in pertinent part, as follows:

> If a party fails to admit ... the truth of any matter as requested under Rule 36 and if the party requesting the admissions thereafter proves ... the truth of the matter, he may apply to the court for an order requiring the other party to pay him *the reasonable expenses* incurred in making that proof, including reasonable attorney's fees. The court *shall* make the order *unless* it finds that (1) the request was held objectionable pursuant to Rule 36(a), or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that he might prevail on the matter, or (4) there was other good reason for the failure to admit. [Emphasis added.]

The Ruges contend that they are automatically entitled to recover "expenses" associated with trying and proving Posey's negligence because if he had admitted his fault, that issue would have been removed from the trial. In response, Posey contends that the plaintiffs did not actually incur any additional "expenses" as a result of his failure to admit liability because the Ruges would have presented the same evidence in support of their claim for punitive dam-

---

1. Under Rule 36(a), requests for admission are not limited to questions of fact. The rule has been interpreted to permit requests involving opinions, conclusions and mixed questions of law and fact. *See* 8 C. WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2255 (1970). *See also* I.R.C.P. 36(a) (requests may be made about any matters within the scope of Rule 26(b) that relate to statements or opinions of fact or the application of law to fact). Thus, a request to admit one's fault, negligence or liability is permissible. However, in circumstances where response to a mixed question would be difficult, or would turn primarily on a legal issue to be resolved by the court, an objection to the request may be filed. No such objection was filed in this case.

ages. In his memorandum decision, the district judge accepted Posey's argument:

This court is persuaded ... that plaintiffs have suffered no additional expense as a result of the failure to admit. If one looks beyond the technical legal arguments of counsel, it is clear that there were only two issues at trial, the extent of damages to plaintiffs and punitive damages. Plaintiffs cannot now bootstrap the costs and expenses they incurred while attempting to prove gross negligence to a Rule 37(c) claim relating to ordinary negligence. Plaintiffs did not suffer any additional expense as a result of the failure to admit because most of the evidence presented at trial dealt with gross negligence, not ordinary negligence. Plaintiffs would have presented the same evidence in any event to support the punitive damages claim.

We believe that in focusing on the notion of "additional" expense, the trial judge erroneously narrowed the scope of I.R.C.P. 37(c). Where, as here, one party fails to admit the truth of a matter as requested, and the opposing party subsequently proves the truth of the matter, the court "shall" award "the reasonable expenses" incurred. The rule is mandatory, subject only to the four exceptions set forth in the rule itself: (1) that the request was held objectionable pursuant to Rule 36(a); (2) that the admission sought was not "of substantial importance;" (3) that failure to admit was based upon a reasonable belief in prevailing on the issue; or (4) other good reason. However, as the trial judge's comments indicate, he did not explicitly link his analysis to any of these exceptions.

We deem it clear that none of the first two exceptions is applicable. The third and fourth exceptions may or may not apply, depending on the trial judge's exercise of sound discretion. We decline to usurp that discretion by exercising it for the first time on appeal. Accordingly, we remand the case for reconsideration under the rule. We reiterate, however, that the judge may not refuse to make an award solely because the expenses of proving the matter contained in the requests for admission might also have been incurred with respect to another issue.

## II

We next discuss the Ruges' claim for additional costs and attorney fees pursuant to I.R.C.P. 54. Insofar as attorney fees are concerned, this claim apparently was grounded in I.C. § 12–121, which authorizes a discretionary award to a prevailing party. The Ruges contend that the trial court abused its discretion in concluding that neither party had prevailed. They argue that because the jury returned a verdict in their favor as to Marie's compensatory damages, they were the prevailing party. We are not persuaded.

The trial court is vested with broad discretion to apportion costs and attorney fees, taking into account the multiplicity of claims. *See, e.g., Jones v. Whiteley,* 112 Idaho 886, 736 P.2d 1340 (Ct.App.1987). Here, the trial judge acknowledged that the Ruges had prevailed on Marie's compensatory damage claim but the judge also noted that Posey had prevailed on the claims for loss of consortium and punitive damages. In the judge's view, there was no overall prevailing party. We find no abuse of discretion in his decision. *Accord International Engineering Co., Inc. v. Daum,* 102 Idaho 363, 630 P.2d 155 (1981).

Finally, both parties have requested costs and attorney fees on appeal. For the reasons stated above, we believe that neither party has prevailed. Accordingly, we decline to award costs or fees.

The order of the district court is affirmed in part, vacated in part, and remanded for proceedings consistent with this opinion.

WALTERS, C.J., and SWANSTROM, J., concur.