874 P.2d 584

**Vonda TEPLY, Louis Teply, and Sondra Bryant, Plaintiffs–Appellants,**

v.

**Douglas Ivan LINCOLN, Defendant–Respondent.**

No. 20542.

Court of Appeals of Idaho.

March 29, 1994.

Petition for Review Denied June 22, 1994.

Holland & Hart, Boise, for plaintiffs-appellants. Walter Bithell, argued.

Cantrill, Skinner, Sullivan & King, Boise, for defendant-respondent. Robert D. Lewis, argued.

**WALTERS, Chief Judge.**

This is an appeal from a judgment entered on a jury verdict finding a motorist not liable for injuries and property damage sustained when his automobile slid across the highway and collided with an oncoming vehicle. The dispositive issue is whether a driver is legally excused from compliance with the safety statues relating to driving on the right-hand side of the highway, where icy road conditions unexpectedly cause him to lose control of his vehicle and slide across the centerline of the highway. Adhering to the decision of the Idaho Supreme Court in *Haakonstad v. Hoff,* 94 Idaho 300, 486 P.2d 1013 (1971), we hold the driver is not excused, and that the jury's verdict representing a contrary finding in this case must therefore be set aside.

### Facts and Procedural Background.

For purposes of this appeal the following facts are not disputed. While driving southbound on Highway 55 during an October snowfall, Douglas Lincoln lost control of his pickup truck as it slid across the centerline of the highway and collided with a northbound vehicle that was occupied by Louis Teply, his wife Vonda Teply, and their daughter Sondra Bryant (hereinafter referred to collectively as "the Teplys"). The Teplys brought this negligence action against Lincoln, seeking recovery for personal injuries and for the damage to their automobile.

At trial, Lincoln testified that on the morning of the accident he left Lewiston, Idaho, travelling south. His two-wheel drive pickup had new tires, was in excellent condition, and had its bed weighted down. The roads from Lewiston to New Meadows had been fairly clear. At New Meadows, Lincoln turned onto Highway 55 and proceeded south at a constant speed of between forty and fifty miles per hour. Suddenly and without warning, the back-end of his pickup slid left, toward the centerline. Lincoln did not brake but tried, unsuccessfully, to steer into the slide and to keep the direction of his pickup straight on the road ahead of him. However, the pickup slid at an angle, crossed the centerline, and collided with the Teplys' vehicle. Witnesses at the scene later testified that a light snow had fallen and the road beneath was slick. There was no evidence of negligence on the part of anyone in the Teplys' vehicle.

At the close of the evidence, the trial court instructed the jury on the relevant highway safety statutes, including the statutes requiring that vehicles be driven upon the right-hand side of the highway, I.C. § 49–630, and that drivers approaching from opposite directions pass each other to the right, I.C. § 49–631. Over the Teplys' objection, the court additionally instructed the jury as follows:

> A violation of a statute is negligence unless compliance with the statute was impossible or something over which the party had no control placed him in a position of violation of a statute or an emergency not of the party's own making caused him to fail to obey a statute.[1]

Following its deliberations, the jury returned a verdict finding Lincoln not negligent.[2] Further, although the Teplys had presented evidence of their losses, the jury did not determine the amount of the Teplys' damages, having found that Lincoln was not negligent. The Teplys moved under I.R.C.P. 50(b) for a judgment n.o.v., asserting that the undisputed evidence established Lincoln's violation, and that there was not sufficient evidence to support a finding that the violation was excused. The Teplys alternatively moved for a new trial under I.R.C.P. 59(a)(7), on the ground that the "excuse" instruction was an incorrect statement of Idaho law. The district court denied both motions and entered judgment for Lincoln. The Teplys appealed, contending the district court erred in denying their motions.

### Standards of Review

The legal standards governing a motion for judgment n.o.v. are well established. In making such a motion, the moving party necessarily admits the truth of the opposing party's evidence. I.R.C.P. 50(b); *Hudson v. Cobbs*, 118 Idaho 474, 797 P.2d 1322 (1990); *Quick v. Crane*, 111 Idaho 759, 727 P.2d 1187 (1986). If, after viewing the evidence in this manner the trial court concludes that there is substantial evidence to support the jury's verdict, the motion must be denied. *Hudson*, 118 Idaho at 478, 797 P.2d at 1326. Conversely, the moving party is entitled to a

---

1. The court's instruction on excuse, taken from the definition of legal excuse originally stated in *Bale v. Perryman*, 85 Idaho 435, 380 P.2d 501 (1963), has been approved by the Supreme Court through the adoption of Idaho Civil Pattern Jury Instruction (IDJI) No. 211.

2. The jury was not asked to consider separately the issues of negligence and proximate cause. However, it is beyond dispute that Lincoln's conduct in crossing the centerline of the highway caused the accident, and that the accident resulted in physical injury and property damage. Given these undisputed facts, the jury's verdict finding that Lincoln was not liable necessarily represents a finding that Lincoln was not negligent. *See Johnson v. Emerson*, 103 Idaho 350, 647 P.2d 806 (Ct.App.1982).

judgment n.o.v. when there is no substantial evidence to support the verdict. *Brand S Corp. v. King*, 102 Idaho 731, 639 P.2d 429 (1981). Whether the evidence before the court constitutes substantial evidence is purely a question of law. Accordingly, the appellate court exercises free review without special deference to the determination by the trial court. *Hudson*, 118 Idaho at 478, 797 P.2d at 1326; *Quick*, 111 Idaho at 764, 727 P.2d at 1192. With respect to a new trial motion under I.R.C.P. 59(a)(7), where a jury verdict is rendered on the basis of incorrect instructions the appropriate remedy is the granting of a new trial. *Walton v. Potlatch Corp.*, 116 Idaho 892, 897–98, 781 P.2d 229, 234–35 (1989).

Having these standards in mind, we turn to whether the district court erroneously denied the Teplys' motions.

### Negligence Per Se.

■ In civil actions for damages, where injury occurs as a proximate result of a violation of a statute enacted for the protection of motorists, such violation is negligence as a matter of law, and not merely prima facie evidence of negligence. *Bale v. Perryman*, 85 Idaho 435, 380 P.2d 501 (1963). Thus, one "cannot excuse himself from compliance [with a safety statute] by showing that he did or attempted to do what any reasonably prudent person would have done under similar circumstances." *Haakonstad v. Hoff*, 94 Idaho at 301, 486 P.2d at 1014. Rather, the question of liability under the negligence *per se* theory turns not upon whether the defendant has demonstrated his freedom from common-law negligence, but on whether he has established a "legal excuse" for his violation of the statute. *See Florke v. Peterson*, 65 N.W.2d 372 (Iowa 1954), (cited in *Haakonstad*, 94 Idaho at 301–02, 486 P.2d

at 1014–15); *see also Bale*, 85 Idaho at 440, 380 P.2d at 503.

■ The Idaho Supreme Court has recognized four limited categories of excusing circumstances: (1) anything that would make compliance with the statute impossible; (2) anything over which the driver has no control which places his vehicle in a position violative of the statute; (3) an emergency not of the driver's own making by reason of which he fails to obey the statute; and (4) an excuse specifically provided by statute. *Bale*, 85 Idaho at 443, 380 P.2d at 501, (citing *Florke v. Peterson*, 65 N.W.2d 372 (Iowa 1954)); *see also* IDJI 211.[3]

In this case, undisputed evidence established that Lincoln had violated the highway statutes requiring that he operate his vehicle on the right side of the highway and that he pass oncoming vehicles on the right. The jury was not at liberty to disregard such evidence. *Johnson v. Emerson*, 103 Idaho 350, 647 P.2d 806 (Ct.App.1982). It is also clear that I.C. §§ 49–630 and 49–631 are safety statutes, enacted for the protection of motorists and other persons using Idaho's roads and highways. *See id.*, at 352, 647 P.2d at 808. Accordingly, Lincoln was negligent as a matter of law unless his violations were found to have been excused. *Id.*

The only evidence offered at trial to explain or justify Lincoln's violations was the testimony concerning the icy conditions of the road. Thus, the dispositive issue is whether the fact of icy road conditions, alone, was sufficient to excuse Lincoln's violations of the highway safety statutes. The answer to this question is provided by the Idaho Supreme Court's decision in *Haakonstad v. Hoff*, 94 Idaho 300, 486 P.2d 1013 (1971).

*Haakonstad* involved an automobile collision at an intersection. The plaintiff in that

---

3. These categories are more restrictive than those contained in the Restatement (Second) of Torts (1965). Section 288A of the *Restatement* provides:

Section 288A. Excused Violations
(1) An excused violation of a legislative enactment or an administrative regulation is not negligence.
(2) Unless the enactment or regulation is construed not to permit such excuse, its violation is excused when

(a) the violation is reasonable because of the actor's incapacity;
(b) he neither knows nor should know of the occasion for compliance;
(c) he is unable after reasonable diligence or care to comply;
(d) he is confronted by an emergency not due to his own misconduct;
(e) compliance would involve a greater risk of harm to the actor or to others.

case alleged that the accident was caused by the defendant's failure to yield the right of way, in violation of a highway safety statute. Sitting as the trier of fact, the trial court found that the defendant had in fact failed to yield, but that the "extreme icy conditions of the road" had caused, and therefore excused, the defendant's violation. Reversing the trial court, the Idaho Supreme Court held that a finding that the icy road conditions had caused the defendant to slide could *not* serve to excuse him from liability.[4]

Although the rule stated in *Haakonstad* seems to be embraced by only a small minority of jurisdictions,[5] it has not been overruled in Idaho and therefore controls in this case. Thus constrained, we hold that the evidence of icy roads in this case was insufficient, as a matter of law, to excuse Lincoln's statutory violations. It follows that the jury was incorrectly instructed otherwise. Because we set aside the jury's liability determination, a new trial is required on the issue of damages. Accordingly, we need not discuss further the trial court's denial of Teplys' motion for a new trial.

### Conclusion

We conclude that the jury verdict must be set aside and that the Teplys are entitled to a judgment n.o.v. on the issue of Lincoln's negligence. Accordingly, the judgment entered in favor of Lincoln is vacated. The case is remanded for further proceedings to determine the amount of Teplys' damages which were proximately caused by Lincoln's negligence.

Costs to the appellants, the Teplys, as provided by I.A.R. 40. No attorney fees are awarded on appeal.

LANSING and PERRY, JJ., concur.

4. Although holding that the defendant's conduct was not excused, the Supreme Court remanded the case so the trial court could make additional findings on the issue of plaintiff's contributory negligence, an alternative defense raised by the defendant.

5. While not exclusive to Idaho, the rule stated in *Haakonstad* that icy road conditions will not excuse highway safety violations seems to have been adopted in only a few jurisdictions. *E.g.,* Oechsle v. Hart, 12 Ohio St.2d 29, 231 N.E.2d 306 (Ohio 1967); *Young v. Hendricks,* 226 Iowa 211, 283 N.W. 895 (1939); *Custer Broadcasting Corp. v. Brewer,* 163 Mont. 519, 518 P.2d 257 (1974); *but see Moore v. Spangler,* 401 Mich. 360, 258 N.W.2d 34 (1977) (holding that icy roads on a January day in Michigan would not constitute an excuse, but that a blizzard in the state's upper peninsula would).

The majority view seems to be that evidence of icy roads or inclement weather conditions may excuse the violation of a highway safety statute. *See, e.g., Hartman v. Metzger,* 470 P.2d 66 (Colo. App.1970); *Zell v. Luthy,* 216 Kan. 697, 533 P.2d 1298 (1975) (citing Minnesota and Oklahoma cases); *Sullivan v. Fairmont Homes, Inc.,* 543 N.E.2d 1130 (Ind.App.1989); *Ballard v. Rickabaugh Orchards, Inc.,* 259 Or. 200, 485 P.2d 1080 (1971); *Bumbarger v. Kaminsky,* 311 Pa.Super. 177, 457 A.2d 552 (1983) (applying the *Restatement's* definitions of "excused violations").

The assignment of the instant case to this Court by the Supreme Court for disposition leads to the conclusion that we should apply existing legal principles previously announced by our own higher court. I.A.R. 108(b).