958 P.2d 1140

**MUTUAL OF ENUMCLAW LIFE IN-
SURANCE COMPANY, a Washington
corporation, Plaintiff–Respondent,**

v.

**Douglas Ivan LINCOLN, Vonda Teply,
Louis Teply and Sondra Bryant,
Defendants–Appellants.**

No. 22908.

Supreme Court of Idaho,
Boise, February 1997 Term.

Nov. 6, 1997.

Holland & Hart, Boise, for defendants–
appellants. Walter H. Bithell, argued.

Benoit, Alexander, Sinclair, Harwood &
High, Twin Falls, for plaintiff–respondent.
J. Walter Sinclair, argued.

SUBSTITUTE OPINION THE COURT'S
PRIOR OPINION DATED APRIL 30,
1997 IS HEREBY WITHDRAWN.

JOHNSON, Justice.

This is an automobile liability insurance
case. We conclude that there is no ambigui-
ty concerning the liability limits for bodily
injury contained in the insurance policy and
that the limit for bodily injury to each person
injured in an accident is $100,000.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

Douglas Lincoln (Lincoln) was involved in
an automobile accident when he lost control
of his vehicle on an icy road. Lincoln's vehi-
cle crossed the centerline and struck a vehi-
cle occupied by Vonda and Louis Teply and
their daughter, Sondra Bryant, (the Teplys).
The Teplys sued Lincoln for their personal
injuries (the personal injury suit).

Mutual of Enumclaw (Enumclaw), Lin-
coln's liability insurer, filed this declaratory
judgment action (the declaratory judgment
action) against Lincoln and the Teplys for a
determination of the coverage limits of the
insurance policy (the policy) that insured
Lincoln's liability. Under a section entitled
"OUR LIMIT OF LIABILITY," the policy
states:

Regardless of the number of covered **cars,
insureds,** claims made or vehicles involved

in the **accident** or premiums shown on the Coverage Page, the most we will pay for all damages resulting from any one **accident** is the LIABILITY INSURANCE limit shown on the Coverage Page for the covered **car**.

The coverage page contains the following limits:

| COVERAGE SEPARATE LIMITS | LIMITS OF LIABILITY | |
|---|---|---|
| BODILY INJURY | $100,000 | EACH PERSON |
| | $300,000 | EACH ACCID. |
| PROPERTY DAMAGE | $ 50,000 | EACH ACCID. |

For the purposes of this lawsuit only, there is no dispute that the damages for Sondra Bryant's injuries exceed $100,000, while the damages for the injuries of her parents are less than $100,000 each.

In the personal injury suit, the jury returned a verdict in favor of Lincoln. The Teplys appealed, and the Court of Appeals set aside the jury verdict in *Teply v. Lincoln*, 125 Idaho 773, 874 P.2d 584 (1994) and remanded the case to the trial court for a determination of damages.

Following remand of the personal injury suit, Enumclaw filed a motion for summary judgment in the declaratory judgment action. The trial court granted summary judgment in favor of Enumclaw, ruling that the policy is not ambiguous and that it provides personal injury coverage of not more than $100,000 for each person, with an aggregate limit of $300,000 for each accident. The trial court applied the $100,000 limit to the damages for Sondra Bryant's personal injuries.

## II.

### THE $100,000 LIMIT APPLIES TO THE DAMAGES FOR SONDRA BRYANT'S INJURIES.

The Teplys and Lincoln assert that the policy is ambiguous concerning the liability limits that apply to the Teplys' damages for their injuries, and that Enumclaw should pay more than $100,000 for Sondra Bryant's injuries. We disagree.

Where language in an insurance policy is clear and unambiguous, coverage must be determined in accordance with the plain meaning of the words used. *Mutual of Enumclaw Ins. Co. v. Roberts*, 128 Idaho 232, 235, 912 P.2d 119, 122 (1996). A contract is ambiguous if it is reasonably subject to conflicting interpretation. *City of Boise v. Planet Ins. Co.*, 126 Idaho 51, 55, 878 P.2d 750, 754 (1994). Whether a contract is ambiguous is a question of law over which this Court exercises free review. *Bondy v. Levy*, 121 Idaho 993, 997, 829 P.2d 1342, 1346 (1992).

The limit of liability provision of the policy refers to the "LIABILITY INSURANCE limit shown on the Coverage Page." The "LIMITS OF LIABILITY" on the coverage page states: "$100,000 EACH PERSON" "$300,000 EACH ACCIDENT." We conclude that the only reasonable reading of this language is: (1) Enumclaw will not have to pay more than $100,000 for the bodily injury of each person injured in an accident, and (2) Enumclaw will not have to pay more than $300,000 for all the bodily injuries caused by an accident. Therefore, Enumclaw's liability for the bodily injuries of Sondra Bryant is $100,000.

## III.

### CONCLUSION

We affirm the trial court's summary judgment in favor o f Enumclaw.

We award Enumclaw costs, but not attorney fees, on appeal.

TROUT, C.J., McDEVITT * and SILAK, JJ., and R. SWANSTROM, J. Pro Tem., concur.

---

* Justice McDevitt participated in this decision prior to his resignation.