■ ROBERT ELSON et al., Respondents, v KENNETH M. DEFREN et al., Appellants, et al., Defendant. (Action No. 1.) HOWARD GOLDFRACHT et al., Respondents, v KENNETH M. DEFREN et al., Appellants, et al., Defendants. (Action No. 2.)

[719 NYS2d 246] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about June 25, 1999, which, in consolidated actions for personal injuries sustained in a two-car collision in Idaho by the two injured plaintiffs while passengers in the car driven by the individual defendant and leased by the latter's employer and codefendant, insofar as appealed from as limited by the briefs, denied defendants' motion to dismiss the actions on the ground of forum non conveniens, and order, same court and Justice, entered on or about October 29, 1999, which granted the cross motion of Action No. 1 plaintiffs for partial summary judgment on the issue of liability, unanimously affirmed, with costs.

Defendants fail to explain why the testimony of the Idaho police officers who responded to the accident is necessary or cannot be obtained by deposition, why they are concerned about not being able to implead the Idaho Department of Transportation, or otherwise show why this matter should be tried in Idaho, not New York. Favoring retention in New York is the fact that the injured plaintiffs, their wives, who assert derivative claims, and the individual defendant are all New York residents, as well as the convenience of the numerous New York medical witnesses who treated the injured plaintiffs over an extensive time period. As for the granting of partial summary judgment, the motion court properly concluded that defendants failed to controvert the moving plaintiffs' prima facie showing that defendant driver's negligence was the sole proximate cause of the accident, as demonstrated by documentary evidence that, in connection with the accident, the driver pleaded guilty to Idaho traffic violations for "inattentive/careless" driving and "unlawful drive on highways laned for traffic." In this regard, we note that under Idaho law any evidence of icy road conditions at the accident site, about which defendants only speculate, would be insufficient, as a matter of law, to excuse the statutory violations to which the driver admitted (see, Teply v Lincoln, 125 Idaho 773, 776, 874 P2d 584). Moreover, as the IAS Court pointed out, the opposing papers do not include an affidavit explaining the collision from the perspective of the driver, defendant Defren. Concur—Rosenberger, J. P., Tom, Mazzarelli, Ellerin and Wallach, JJ.