130 P.3d 1111

Ramiro G. CONTRERAS and Omar Baeza Martinez, Plaintiffs–Respondents,

v.

Clare B. RUBLEY, Defendant–Appellant.

No. 31123.

Supreme Court of Idaho, Boise, December 2005 Term.

Feb. 23, 2006.

Sasser & Inglis, P.C., Boise, for appellant. Clay M. Shockley argued.

Hepworth, Lezamiz & Janis, Boise, for respondents. John W. Kluksdal argued.

TROUT, Justice.

This case involves a personal injury action brought by respondents Ramiro G. Contreras and Omar Baeza Martinez against appellant Clare B. Rubley as a result of a three-car accident. A jury found Contreras and Baeza Martinez were entitled to a portion of their damages caused by the accident. Contreras claimed less than $25,000 in damages and was awarded attorney fees under I.C. § 12–120(4). Baeza Martinez's claim for damages was significantly more than $25,000 and the trial court awarded him attorney fees under I.R.C.P. 37(c). Rubley now appeals those attorney fee awards.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 24, 2000, Rubley was driving down a state highway in dense fog on icy roads when the brake lights of the car in front of her came on abruptly, causing Rubley to step on her brakes. Rubley's truck slid on a patch of ice and then stuck on the guardrail so she was unable to move it, causing her to partially block traffic. Contreras and his passenger, Baeza Martinez, stopped their car on the highway to offer assistance. Before they could exit their car, a third driver, Hamsa Siebanthaler, struck Contreras' car and propelled it into Rubley's truck, injuring both Contreras and Baeza Martinez.

There was correspondence back and forth between the parties' attorneys, including a letter dated June 18, 2002, which was directed to Rubley's insurance company (Statement of Claim). In that letter, respondents' attorney referenced Idaho Code § 12–120(4) and indicated respondents would be filing suit and would demand attorney fees if Rubley did not make an offer of at least 90% of the amount Contreras was ultimately able to obtain from a jury. The Statement of Claim listed some medical expenses for both Contreras and Baeza Martinez, and included a picture of Contreras' damaged car, as well as a copy of the police report. Respondents' attorney requested $20,000 on behalf of Contreras because he believed his damages were less serious than those of Baeza Martinez. With respect to Baeza Martinez, the attorney indicated $100,000 would be sufficient to take care of Baeza Martinez's claims. The insurance company refused to tender any money at all and ultimately suit was filed. During the course of the litigation, other demands were made by respondents to Rubley, including another request to settle the case that specifically mentioned the $2,500 damage done to Contreras' car.

Respondents settled with Siebanthaler, so the case proceeded only against Rubley. At the conclusion of trial, a jury found Siebanthaler 70% at fault, Rubley 28% at fault, and Contreras 2% at fault. The jury awarded damages for medical expenses and for loss of the car, and awarded a small amount of damages for both Contreras and Baeza Martinez. The district court then entered judgment for 28% of those respective amounts.

Subsequently, Baeza Martinez sought attorney fees pursuant to Rule 37(c), arguing Rubley unreasonably refused to admit negligence in response to certain requests for admission. Likewise, Contreras sought attorney fees under I.C. § 12–120(4) based upon his claim for an amount of damages less than $25,000 in a personal injury action. Rubley opposed any award of attorney fees to respondents and sought attorney fees for

herself under I.C. § 12–120(4) as the prevailing party and under Rule 37(c), claiming Contreras unreasonably failed to admit negligence.

The district court granted Baeza Martinez's motion for attorney fees pursuant to Rule 37(c) because the court concluded Rubley unreasonably failed to admit negligence. The district court also awarded Contreras attorney fees pursuant to I.C. § 12–120(4), concluding evidence of the damage to Contreras' car did not constitute evidence of a significant new item of damage. The district court then denied Rubley's motion for attorney fees, finding respondents were prevailing parties and Contreras' denial of negligence was reasonable. Rubley appeals these awards and the denial of her request for attorney fees.

## II. STANDARD OF REVIEW

The district court's decision to award attorney fees is a discretionary decision, subject to the abuse of discretion standard of review. *Bailey v. Sanford*, 139 Idaho 744, 753, 86 P.3d 458, 467 (2004). To determine whether the trial court abused its discretion, this Court considers (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Nampa Charter School, Inc. v. DeLaPaz*, 140 Idaho 23, 29, 89 P.3d 863, 869 (2004).

When the award of attorney fees depends on the interpretation of a statute giving rise to that award, however, a different standard of review applies. The interpretation of a statute is a question of law over which this Court exercises free review. *Robison v. Bateman–Hall, Inc.*, 139 Idaho 207, 210, 76 P.3d 951, 954 (2003). Where the language of a statute is unambiguous, the plain meaning of the statute will govern and there is no need to consult extrinsic evidence. *Id.*

## III. DISCUSSION

On appeal, Rubley contends Contreras waived his right to fees under I.C. § 12–120(4) because he sought a "significant new item of damage" ($2,500 for his car) at trial which was not included in his Statement of Claim.[1] Rubley also argues the district court erred in awarding Baeza Martinez attorney fees under Rule 37(c) because Rubley had a reasonable belief she would prevail at trial on the issue of negligence, and therefore reasonably denied respondents' requests for admission. Finally, Rubley claims the district court erroneously denied her requests for attorney fees pursuant to Rule 37(c), as Contreras' denial of several requests for admission was unreasonable. Thus, the key issues raised by this appeal are (1) whether evidence of damage to Contreras' car constitutes a "significant new item of damage" such that Contreras forfeited his right to recover attorney fees under I.C. § 12–120(4); and (2) whether Rubley's blanket denial of a request for admission was unreasonable and therefore justified an award of attorney fees to Baeza Martinez under Rule 37(c). This Court will also address whether Rubley was entitled to attorney fees below and whether attorney fees will be awarded to any party on appeal.

### A. Significant New Item of Damage

Under I.C. § 12–120(4), a plaintiff waives the ability to claim attorney fees if she "includes in ... evidence offered at trial, a different alleged injury or a significant new item of damage not set forth in the statement of claim...." A statement of claim is defined, in part, as follows:

(a) An itemized statement of each and every item of damage claimed by the plaintiff including the amount claimed for general

---

1. Originally, Rubley also argued that I.C. § 12–120(4) required Contreras to plead $25,000 or less in his complaint to be entitled to his attorney fees. At oral argument, Rubley conceded this Court's decision in *Cox v. Mulligan*, 128 P.3d 893, 2005 WL 3111670 (2005), released less than two weeks before oral argument, resolved the issue. In *Cox*, this Court ruled it was not necessary, for purposes of an attorney fee award under I.C. 12–120(4), that the amount of damages claimed be specifically pleaded in the complaint.

damages and the following items of special damages: (i) medical bills incurred up to the date of the plaintiff's demand; (ii) a good faith estimate of future medical bills; (iii) lost income incurred up to the date of the plaintiff's demand; (iv) a good faith estimate of future loss of income; and (v) *property damage* for which the plaintiff has not been paid.

I.C. § 12–120(4) (emphasis added). Rubley argues Contreras waived his right to claim attorney fees because he did not make any claim for property damage in his Statement of Claim, yet sought reimbursement of $2,500 for his car—a "significant new item of damage"—at trial. Ultimately, the jury awarded Contreras $2,500 for property damage, in addition to other damages.

Here, the property damage claimed by Contreras was new because it was not expressly included in his Statement of Claim to Rubley's insurer, as required by I.C. § 12–120(4)(a)(v). Contreras did include photos of the totaled car with his Statement of Claim, but this was done simply to show the severity of the collision, as Contreras' attorney noted, "I have also enclosed pictures of my client's vehicle, which indicates this was a violent collision." Also, the police accident report accompanying the Statement of Claim estimated $5,000 of damage to the car, but this does not qualify as sufficient statement of a claim for this property damage.

Even though evidence of the property damage was new, it is not significant enough to constitute a waiver of Contreras' right to attorney fees. Contreras' original Statement of Claim to Rubley's insurer on June 18, 2002, sought $20,000 in damages. The insurer disclaimed liability for the accident and made no tender to respondents in an attempt to settle the case. We agree with the district court that the $2,500 car was not necessarily a significant item of damage when compared to the $20,000 demand made in the Statement of Claim. As Rubley's insurer disclaimed any liability by concluding Siebanthaler was 100% responsible for the accident,

it is difficult to see how a lack of awareness of damage to the car played any part in Rubley's insurer's refusal to settle prior to the commencement of the suit. We affirm the district court's award of attorney fees to Contreras made pursuant to I.C. § 12–120(4).

## B. Requests for Admission

■ Rubley denied a request to admit "negligence"[2] (duty and breach of duty) as well as various requests relating to whether her negligence caused the accident. The district court awarded attorney fees to Baeza Martinez pursuant to Rule 37(c) because it concluded Rubley unreasonably denied she was negligent, although the court emphasized it was reasonable for Rubley to deny causation. Rubley claims the district court erred because Rubley had a reasonable belief in prevailing on the negligence issue at trial.

■ Attorney fees relating to requests for admission submitted under I.R.C.P. 36(a) are governed by Rule 37(c). *Bailey,* 139 Idaho at 753, 86 P.3d at 467; I.R.C.P. 37(c). Under Rule 37(c),

> [w]here ... one party fails to admit the truth of a matter as requested, and the opposing party subsequently proves the truth of the matter, the court "shall" award "the reasonable expenses" incurred. The rule is mandatory, subject only to the four exceptions set forth in the rule itself: (1) that the request was held objectionable pursuant to Rule 36(a); (2) that the admission sought was not "of substantial importance"; (3) that failure to admit was based upon a reasonable belief in prevailing on the issue; or (4) other good reason.

*Ruge v. Posey,* 114 Idaho 890, 892, 761 P.2d 1242, 1244 (Ct.App.1988); I.R.C.P. 37(c). Whether any of the exceptions apply is committed to the sound discretion of the district court. *Ruge,* 114 Idaho at 892, 761 P.2d at 1244. Here, the district court found exception (3) did not apply because, among other

---

2. While the cause of action of negligence is comprised of duty, breach, cause and harm, the district court and the parties use the term negligence to refer to the duty and breach elements only. This distinction between negligence and a

full cause of action for negligence has been recognized in Idaho. *See Robertson v. Richards,* 115 Idaho 628, 633, 769 P.2d 505, 510 (1987) ("It is essential that negligence exists before the proximate cause issue rises.")

things, the police report referred to Rubley's crash as a "contributing circumstance" to the resulting accident, and Rubley was issued a citation for driving too fast for conditions, so Rubley's belief she might have prevailed on the issue of negligence at trial was not reasonable.

Rubley claims the district court misapplied what she refers to as the "*Bailey* factors." In *Bailey,* this Court concluded the defendant's belief she might prevail at trial was reasonable because she was not issued a traffic citation, the accident report did not assign her any responsibility, and her accident reconstruction expert would have testified that another party had a greater opportunity to avoid the collision. *Bailey,* 139 Idaho at 755, 86 P.3d at 469. In its order, the district court noted, "this case is distinguishable from the *Bailey* case based on the same factors that the Court found exonerated the *Bailey* appellant from liability," and found Rubley's denial of negligence unreasonable. Rubley asserts the district court erroneously determined whether there were *any* factors to find Rubley acted negligently, while the proper test is "whether there were reasons to justify Rubley's good faith belief that she might prevail on the issue of negligence at trial."

We agree with the district court that, based on these facts, Rubley should have admitted at least some measure of negligence. In particular, Request for Admission No. 6 asked Rubley to "[a]dmit that [she] was negligent when she lost control of her car on November 24, 2000." In the context of violations of Idaho's safety statutes, Idaho courts have concluded the excuse of icy road conditions is not a sufficient justification. *See Haakonstad v. Hoff,* 94 Idaho 300, 486 P.2d 1013 (1971); *Teply v. Lincoln,* 125 Idaho 773, 874 P.2d 584 (Ct.App.1994). This well settled rule, combined with Rubley's receipt of a traffic ticket and the investigating officer's testimony Rubley was partially at fault, lead to the conclusion Rubley should have not flatly denied this admission request. Contrary to Rubley's assertion of the proper test under Rule 37(c), Rubley's good faith belief she could have prevailed at trial is irrelevant, as the rule directs the district court to determine only whether that belief

was *reasonable.* Unlike the *Bailey* defendant, Rubley's denial of at least some negligence under these circumstances was unreasonable. At a minimum, Rubley should have qualified her answer in a manner that allowed her to be truthful without fully admitting or denying the request. *See* I.R.C.P. 36(a) (directing "when good faith requires that a party qualify the answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder"). We conclude it was not error for the district court to find Rubley should have admitted at least Request for Admission No. 6 and to award attorney fees on the basis of Rubley's blanket denial.

## C. Denial of Rubley's Attorney Fees

■ Rubley requested attorney fees under Rule 37(c) for respondents' failure to admit Requests for Admission Nos. 34, 35, 36, 37, 39 and 40. In its order denying Rubley attorney fees, the district court addressed only Requests numbered 36, 39, and 40, as those requested that respondents admit some form of negligence, which was the only finding the jury made against Contreras. Rubley argues the district court erroneously limited its analysis to these three requests because Rule 37(c) provides a party is entitled to expenses for *any* matter, not just those matters which a jury is requested to decide. This argument, however, reads out of the rule the prerequisite that the party requesting admissions "thereafter proves the . . . truth of the matter" before applying to the court for an attorney fee award. It is difficult to see how Rubley proved the truth of Requests numbered 34, 35, and 37 (requesting admissions related to whether there was a shoulder on the road, whether Contreras could have pulled off the highway and whether Contreras took reasonable evasive measures) when the jury made no findings related to these Requests and found Contreras contributed only 2% to the accident. Merely presenting evidence on these matters cannot equate to proving the matters, especially as respondents offered contradicting evidence. The district court correctly based its analysis of attorney fees on Requests 36,

39 and 40. Because Rubley does not even attempt to show this Court how the district court abused its discretion in analyzing Requests 36, 39 and 40, we need not address the issue.

### D. Attorney Fees on Appeal

■ All parties request attorney fees on appeal pursuant to I.C. § 12–121, Rule 37(c), and I.C § 12–120(4). As a prevailing party, Contreras is entitled to his attorney fees on appeal under I.C. § 12–120(4). *See Freiburger v. J–U–B Engineers, Inc.,* 141 Idaho 415, 424, 111 P.3d 100, 109 (2005) ("Where a party has prevailed both at the trial court level and on appeal, and received an award of attorney fees under I.C. § 12–120(3) at the trial level and that award is affirmed on appeal, that party is also entitled to an award of attorneys fees for the appeal pursuant to I.C. § 12–120(3).").

■ Idaho Code § 12–121 allows an appellate court to award attorney fees to the prevailing party when the court is "left with the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably or without foundation." *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). While Baeza Martinez prevailed on this appeal, Rubley did present a cogent challenge to the district court's reading of Rule 37(c) and presented legitimate arguments questioning the district court's conclusion Rubley's denial of respondents' requests to admit was unreasonable. The appeal of the Rule 37(c) award cannot be said to be frivolous and, therefore, Baeza Martinez is not entitled to attorney fees on appeal. Rule 37(c) is also not a basis for an award of fees on appeal to Baeza Martinez.

### IV. CONCLUSION

The district court's decision granting Contreras attorney fees under I.C. § 12–120(4) is affirmed because the evidence of damage to Contreras' car did not constitute evidence of a significant new item of damage. Likewise, we affirm the district court's award to Baeza Martinez pursuant to Rule 37(c) because the district court did not abuse its discretion in concluding Rubley unreasonably denied certain requests to admit. The district court's denial of Rubley's request for attorney fees is similarly affirmed because Rubley did not show the denial was an abuse of discretion. Finally, we award attorney fees on appeal to Contreras under I.C. § 12–120(4), but not to Baeza Martinez. We award costs on appeal to both Contreras and Baeza Martinez.

Chief Justice SCHROEDER and Justices BURDICK and JONES concur.

Justice EISMANN, specially concurring.

I concur in the majority opinion, but write only to discuss further the "significant new item of damage" mentioned in Idaho Code § 12–120(4). The damages recovered by the plaintiff are important under that statute only insofar as they exceed any prelitigation tender by the defense. Under that statute, at least sixty days before filing a lawsuit, the plaintiff seeking to recover attorney fees in a personal injury action must submit a written claim for damages to the defense (defendant's insurer or the defendant if the insurer is unknown). If the defense tenders a sum to settle the claim, and the plaintiff rejects such settlement and files a lawsuit, the plaintiff must recover damages in an amount that is approximately 11% more than the tender in order to be awarded attorney fees.[3] A new item of damage (one not included in the written claim) is significant only if it causes the plaintiff's damages to exceed the tender in an amount sufficient to qualify for an award of attorney fees. If the defense did not make a prelitigation tender and the plaintiff recovers any damages included in the written claim, no new item of damage offered at trial would be significant under Idaho Code § 12–120(4). The plaintiff would be entitled to an award of attorney fees under the statute regardless of the new item of damage.

---

**3.** The statute provides, "[N]o attorney's fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action, an amount at least equal to ninety percent (90%) of the amount awarded to the plaintiff." For the tender to be less than 90% of the damages, the damages must exceed the tender by approximately 11.12%.