# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

          Respondent,

    v.

BOBBY D. COLBERT,

          Appellant.

)
)
)
)
)
)
)
)
)
)

No. 76714-3

DIVISION ONE

UNPUBLISHED OPINION

FILED: April 16, 2018

PER CURIAM. Bobby Colbert appeals superior court orders denying his request to be transported for a hearing and correcting a scrivener's error in his judgment and sentence. Colbert's court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review. Pursuant to State v. Theobald, 78 Wn.2d 184, 470 P.2d 188 (1970), and Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), the motion to withdraw must

> [1] be accompanied by a brief referring to anything in the record that might arguably support the appeal. [2] A copy of counsel's brief should be furnished the indigent and [3] time allowed him to raise any points that he chooses; [4] the court--not counsel--then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

Theobald, 78 Wn.2d at 185 (quoting Anders, 386 U.S. at 744).

This procedure has been followed. Colbert's counsel on appeal filed a brief with the motion to withdraw. Colbert was served with a copy of the brief and informed of

his right to file a statement of additional grounds for review. He filed a pro se statement of additional grounds.

The facts are accurately set forth in counsel's brief in support of the motion to withdraw. The court has reviewed the briefs filed in this court and has independently reviewed the entire record. The court specifically considered the following potential issues raised by counsel:

1. Did the trial court err in treating an erroneous maximum sentence on the face of Colbert's judgment and sentence as a scrivener's error?

2. Did the trial court err in addressing the scrivener's error without Colbert being present?

The court also considered issues raised by Colbert in his statement of additional grounds:

1. Was the information fatally defective for failing to state all the essential elements of the offense?

2. Is Colbert entitled to a new trial under State v. W.R., 181 Wn.2d 757, 336 P.3d 1134 (2014) when that case is not retroactive, In re Colbert, 186 Wn.2d 614, 380 P.2d 504 (2016), Colbert's direct appeal has long since been mandated, and the current appeal is from the correction of a scrivener's error?

The potential issues are wholly frivolous. Colbert's motion for new counsel and supplemental briefing is denied. Counsel's motion to withdraw is granted. The

2

No. 76714-3-I/3

challenged orders are affirmed.

For the Court:

_Mann, J._

_Appelwick, J._

_Leach, J._