86 P.3d 458

Virginia BAILEY and Jack Bailey, wife and husband, Plaintiffs–Respondents,

v.

Shalyn SANFORD, Defendant–Appellant.

No. 27735.

Supreme Court of Idaho, Boise, November 2003 Term.

Feb. 25, 2004.

Lerma Law Office, P.A., Boise, for appellant. John J. Lerma argued.

Hepworth, Lezamiz & Janis, Chtd., Twin Falls, for respondents. John T. Lezamiz argued.

TROUT, Chief Justice.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

This case concerns a personal injury action brought by Respondents Virginia and Jack Bailey (Baileys) against Appellant Shalyn Sanford (Sanford) and Ralph Southwick (Southwick). Southwick, Sanford, and Virginia Bailey were involved in an auto accident in Twin Falls, Idaho, November 2, 1998. Bailey was stopped on the north side of Poleline Road, preparing to turn left out of a parking lot while Southwick was stopped on the south side of Poleline, preparing to cross Poleline to enter the parking lot from which Bailey was exiting. Sanford turned right off Blue Lakes Boulevard onto Poleline proceeding west toward Virginia Bailey and Southwick. Before Sanford had passed by the location of Virginia Bailey and Southwick, Southwick drove directly across Poleline, causing Sanford to collide with Southwick. Southwick's vehicle then impacted Virginia Bailey's vehicle. Officer Alex Quilantin (Quilantin) of the Twin Falls City police department investigated and issued a traffic citation to Southwick for failure to yield pursuant to I.C. § 49–807.

The Baileys filed a complaint against Southwick and Sanford April 23, 1999, alleging negligence and Jack Bailey included a claim for loss of consortium. During the course of the proceedings, the trial court

ordered a settlement conference. At the settlement conference, Sanford advised the trial court she intended to defend the action on liability and refused to make a settlement offer. The Baileys and Southwick entered into a settlement agreement and the trial court dismissed Southwick. The trial court then set the matter for a jury trial beginning May 30, 2001.

On June 1, 2001, the jury found Sanford 10% responsible and assessed the following damages: 1) past and future medical expenses $40,000; 2) past and future lost wages—$482,000; 3) general damages—$325,000; and 4) $65,000 for loss of consortium. The damage award totaled $912,000.00, making Sanford liable for $91,200. The Baileys then requested costs and attorney fees, which Sanford opposed and she also filed motions for a judgment notwithstanding the verdict and a new trial all of which the trial court denied.

At the hearing on the post trial motions, the trial court entered an order awarding the Bailey's attorney fees totaling $64,971. The trial court based the award on Sanford's failure to admit negligence under I.C.R.P. 37(c). The trial court also awarded $7,412.23 in discretionary costs. Sanford filed a timely notice of appeal.

## II.

### DISCUSSION

#### A. *Quilantin's testimony*

■ Between the accident and the trial, Quilantin moved to California. To preserve Quilantin's testimony for trial, Sanford filed a notice to take Quilantin's video deposition in California. In response, the Baileys filed a motion for a protective order to prevent the deposition, which the trial court granted. At trial, Sanford called Quilantin as a witness to testify, to which the Baileys again objected and the trial court agreed not to permit Quilantin to testify. This Court reviews the trial court's decision to grant a protective order preventing Sanford from taking Quilantin's video deposition under an abuse of discretion standard. *Selkirk Seed Co. v. Forney*, 134 Idaho 98, 996 P.2d 798 (2000). We review the exclusion of Quilantin's trial testimony under an abuse of discretion standard. *Clark v. Klein*, 137 Idaho 154, 45 P.3d 810 (2002). To determine whether the trial court abused its discretion, this Court must consider whether the trial court: 1) correctly perceived that the issue is one of discretion; 2) acted within the outer boundaries of its discretion and consistent with the legal standards applicable to the specific choices available to it; and 3) reached its decision by an exercise of reason. *Sun Valley Shopping Center, Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). In the case of an incorrect evidentiary ruling, a new trial should be granted only if the error affects a substantial right of one of the parties. *Clark*, 137 Idaho at 156, 45 P.3d at 812.

**1. The trial court did not abuse its discretion when it prohibited Sanford from taking Quilantin's video deposition.**

■ On April 24, 2001, Sanford sent the Baileys a notice of deposition indicating Sanford intended to take Quilantin's video deposition in California on May 17, 2001. The Baileys filed a motion for a protective order under I.R.C.P. 26(c) to prevent the deposition. According to I.R.C.P. 26(c), "upon motion by a party ... and for good cause shown, ... the court ... may make any order which justice requires to protect a party ... from annoyance, embarrassment, oppression, or undue burden or expense, including ... 1) that the discovery not be had; ... 4) ... that the scope of discovery be limited to certain matters." The trial court granted the Baileys' motion on the grounds that "1) Quilantin is not an eye witness; 2) Quilantin cannot offer any additional testimony to assist the trier of fact; 3) Sanford unreasonably delayed taking the deposition of Quilantin who has resided in California for two years; and 4) Plaintiffs would be prejudiced by taking the deposition at this late date."

Sanford asserts the trial court abused its discretion when it issued the protective order because under I.R.E. 402, Quilantin's observations were relevant as they tended to make the fact that Sanford did not act negligently

and Southwick acted negligently more probable than without his testimony. Sanford also argued Quilantin's testimony was different than a mere lay person's opinion because, as a police officer, he "had experience looking at other accidents and interviewing witnesses after the accident" and could present his perspective in a clear way. Finally, Sanford noted she gave notice of the deposition before the discovery deadline of May 10, 2001.

The trial court did not abuse its discretion when it issued the protective order. The trial court correctly perceived that control of discovery is within its discretion and, therefore, the trial court had the discretion to prohibit Quilantin's video deposition because Sanford scheduled the deposition late in the proceedings. *See Service Employees Int'l v. Idaho Dep't. of H & W*, 106 Idaho 756, 761, 683 P.2d 404, 409 (1984). Sanford could have taken Quilantin's deposition at any time over the previous two years and it would be unduly burdensome to expect the Baileys to travel to California on short notice the week before trial to participate in the deposition. Consequently, the trial court did not abuse its discretion when it granted the Baileys' request for a protective order.

### 2. The trial court abused its discretion by excluding Quilantin's testimony at trial, but it is harmless error.

■ On May 14, 2001, the Baileys sent Sanford's counsel, Bret A. Walther, a letter asking him to identify witnesses he actually intended to call at trial. Walther notified the Baileys' in response that he reserved the right to call any witness on his witness list, including Quilantin.

The trial commenced May 30, 2001, and the parties continually discussed the witnesses Walther intended to call at trial, but Walther did not mention calling Quilantin again. On the last day of trial, Walther informed the trial court he intended to call Quilantin. The Baileys objected, citing unfair surprise and arguing the trial court had determined at the protective order hearing that Quilantin was not an eyewitness to the accident, nor an accident reconstructionist, and therefore he could not offer any additional useful testimony. Walther responded by arguing he did not have any obligation to inform the Baileys of his intention beyond the notice he had already provided in indicating Quilantin as a witness at trial and in a letter to the Baileys, and investigating officers routinely testify as to observations they make when investigating an accident. While the trial court acknowledged Walther properly disclosed Quilantin on his witness list, the court excluded Quilantin from testifying because the trial court believed Walther had engaged in an improper trial tactic because Walther could have told the Baileys he intended to call Quilantin.

Under the particular circumstances presented here, we believe the trial court abused its discretion in excluding Quilantin as a witness. Sanford disclosed Quilantin on her witness list and informed the Baileys in a letter that she reserved the right to call anyone on the witness list. Moreover, since the trial court prevented Sanford from taking Quilantin's video deposition at the Baileys' request, the Baileys should have contemplated Sanford would call Quilantin to testify, as that was the only option now available to her. Finally, while this Court does not endorse Walther's trial tactics, no rule required Walther to further inform the Baileys of his intention to call Quilantin.

■ However, the abuse of discretion amounts to a harmless error. Pursuant to I.R.C.P. 61,

> no error or defect in any ruling or order ... is ground for granting a new trial ... unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

*See Martin v. Hackworth*, 127 Idaho 68, 896 P.2d 976 (1995)("An error in the exclusion of evidence is not grounds for granting a new trial unless refusal to do so is inconsistent with substantial justice. We will disregard the error if it does not affect the substantial rights of the parties"); *Hake v. DeLane*, 117 Idaho 1058, 1065, 793 P.2d 1230, 1237 (1990) (citing I.R.C.P. 61). Similarly, I.R.E.

103(a)(2) states "error may not be predicated upon a ruling which ... excludes evidence unless a substantial right of the party is affected."

Excluding Quilantin's testimony did not affect Sanford's substantial rights because Sanford presented other direct evidence and Quilantin's testimony was cumulative and inadmissible in part. In the case of *L & L Furn. Mart, Inc., v. Boise Water Corp.*, 120 Idaho 107, 813 P.2d 918 (Ct.App.1991), the Court of Appeals found that even though "the excluded evidence did tend to support L & L's argument and thus was relevant, sufficient direct evidence was presented so that exclusion of the other evidence as irrelevant or cumulative was harmless, in that it did not affect the substantial rights of the parties." *L & L*, 120 Idaho at 109, 813 P.2d at 920. Sanford made no offer of proof at trial as to the testimony Quilantin would provide, so the Court must rely on an affidavit submitted by Walther in support of the request to take the video deposition. That affidavit reveals that Quilantin lacked any personal knowledge of the actual accident. In addition, Quilantin's testimony appears cumulative because Sanford offered the testimony of eyewitnesses and an accident reconstructionist. Therefore, after a review of Quilantin's affidavit and the testimony of Sanford's other witnesses, this Court concludes the trial court's decision to exclude the testimony did not affect Sanford's substantial rights and it was, therefore, harmless error to have refused to permit Quilantin to testify.

**B.** *Future wage loss and medical expenses*

■ The correctness of jury instructions "is a question of law over which this Court exercises free review, and the standard of review of whether a jury instruction should or should not have been given, is whether there is evidence at trial to support the instruction." *Clark*, 137 Idaho at 156, 45 P.3d at 812. The jury should be instructed concerning every reasonable claim supported by the pleadings and the evidence. *Watson v. Navistar Intern. Transp. Corp.*, 121 Idaho 643, 666, 827 P.2d 656, 679 (1992). "A requested instruction must be given if there is any reasonable view of the evidence to support it." *Lubcke v. Boise City/Ada County Housing Authority*, 124 Idaho 450, 461–62, 860 P.2d 653, 664–65 (1993). "The standard of review for issues concerning jury instructions is limited to a determination of whether the instructions, as a whole, fairly and adequately present the issues and state the law. When the instructions, taken as a whole, do not mislead or prejudice a party, an erroneous instruction does not constitute reversible error." *Silver Creek Computers, Inc. v. Petra, Inc.*, 136 Idaho 879, 882, 42 P.3d 672, 675 (2002)(citing to *Howell v. Eastern Idaho Railroad, Inc.*, 135 Idaho 733, 24 P.3d 50 (2001)).

■ At the jury instruction conference, Sanford objected to the inclusion of future medical expenses and future wage losses in Instruction No. 20. The trial court determined the Baileys presented enough evidence for the jury to consider future expenses and earnings, but the jury would "have to find the earnings reasonably certain." Instruction No. 20 directed the jury to consider the present cash value of Virginia Bailey's future pain and suffering and necessary medical care with reasonable certainty. Sanford argues the trial court should not have given Instruction No. 20 because the Baileys failed to establish the "actual amount of loss or damages sustained as a result of the defendant's conduct." *Black Canyon Racquetball Club, Inc. v. Idaho First National Bank*, 119 Idaho 171, 804 P.2d 900 (1991); *Beare v. Stowes' Builders Supply Inc.*, 104 Idaho 317, 321, 658 P.2d 988, 992 (Ct.App.1983)(holding Idaho law does not allow a jury to determine damages by conjecture).

Prior to the accident, Virginia Bailey suffered from scoliosis and Dr. Eric Widell had placed metal rods in her spine in 1995. After the collision, Virginia Bailey again suffered back pain and Dr. Widell surgically removed the rods. Dr. Widell testified the collision necessitated the surgery. Virginia Bailey testified she suffers chronic back pain and treats the pain with physical therapy and exercise. Dr. Widell also testified that in his opinion the accident necessitated Virginia Bailey's surgery fusing her spine and in his

opinion her back pain "would continue indefinitely for the remainder of her life, unless something can be identified as the cause of the problem."

In addition, defense expert Dr. Phillips testified that Virginia Bailey would suffer from "intractable, permanent, irreversible pain for the rest of her life," "expected her problems to worsen" from arthritis and "excessive stresses from wear and tear." Dr. Phillips and Dr. Widell both testified that the pain was caused by the motor vehicle collision and the only future treatment options were continued medication and further surgeries as Virginia Bailey's conditioned worsened.

Sanford's argument also appears to disregard the itemized medical treatment bills submitted to the jury in Exhibits 13 and 14. These bills included physical therapy, exercise, and Pilates instruction Virginia Bailey received after the accident, and would continue to receive as long as she suffered back pain. A reasonable view of this evidence supports the trial court's decision to submit Instruction No. 20 instructing the jury to consider awarding future medical expenses to Virginia Bailey.

Sanford also argues a reasonable view of the evidence does not support Instruction No. 20 on the issue of future wage losses. In Idaho, "damages for lost earnings in the future must be shown with reasonable certainty and compensatory awards based on speculation and conjecture should not be allowed." *Warren v. Furniss*, 124 Idaho 554, 559–60, 861 P.2d 1219, 1224–25 (Ct.App. 1993). Speculative evidence offered to satisfy the "reasonable certainty" element of future lost earnings is inadmissible. *Rindlisbaker v. Wilson*, 95 Idaho 752, 761, 519 P.2d 421, 430 (1974). To show future lost earnings with reasonable certainty, the claimant must prove the extent to which her future earning power was impaired. *Long v. Hendricks*, 109 Idaho 73, 705 P.2d 78 (Ct.App. 1985).

Sanford compares this case to *Long v. Hendricks.* In *Long,* the Court of Appeals agreed with the trial court's conclusion that the plaintiff failed to prove the extent of

future earning impairment because, while he "proved he was unable to continue in his former employment servicing heavy duty tires, he did not show he will be unable in his present occupation or otherwise to earn a comparable income." 109 Idaho at 79, 705 P.2d at 84. Sanford argues that because Virginia Bailey could return to work and because Dr. Widell did not impose any work restrictions, she did not demonstrate she could not earn a comparable income and, as a result, the jury speculated as to the amount of future lost earnings.

However, Sanford's argument disregards the Baileys' evidence. Virginia Bailey testified as to her annual salary and that she only continues to work because she cannot afford to quit. In addition, Virginia Bailey testified her job as a court reporter requires her to sit for long periods and this aggravates her condition. In addition to Virginia Bailey, her husband, her friend, and her supervisor all testified her injuries prevent her from doing daily activities. Finally, the Baileys presented evidence of Virginia Bailey's age, life expectancy, and the amount of each day's wage.

This Court concludes a reasonable view of the evidence supports the trial court's decision to submit the issue of future wage loss to the jury because the Baileys offered evidence of Virginia Bailey's inability to continue working and evidence of the amount of income she would lose. In addition, Instruction No. 20 gives the jury the option of awarding future wage losses and conditions the award on finding the losses reasonably certain. The jury, after assessing the Baileys' evidence chose to make the award and determined damages based on the evidence. Therefore, this Court finds the trial court did not commit reversible error by submitting these items of damage in Instruction No. 20 to the jury.

### C. Closing argument

Sanford asserts that error occurred during closing argument when the Baileys' attorney made an improper statement suggesting that insurance was involved. Allowing misleading conduct by a trial court is an error of law over which this Court exercises free review. *Schaefer v. Ready*, 134

Idaho 378, 381, 3 P.3d 56, 59 (Ct.App.2000), *Bouten Construction Co. v. H.F. Magnuson Co.*, 133 Idaho 756, 992 P.2d 751 (1999). To determine whether the statement made by the Baileys' counsel constitutes reversible error, this Court must look to the objection raised by Sanford and the curative instructions. *See State v. Sistrunk*, 98 Idaho 629, 630, 570 P.2d 866, 867 (1977). As this Court explained in *Leavitt v. Swain*, during closing arguments "counsel for both sides have traditionally been afforded considerable latitude in their arguments to the jury and have the right to discuss fully, from their respective standpoints, the evidence and inferences and deductions arising therefrom." 133 Idaho 624, 630, 991 P.2d 349, 355 (1999). Improper statements during closing argument do not amount to reversible error if the "objection is sustained and the court gives corrective instructions to the jury." *Id.*

### 1. The Baileys' closing argument does not constitute reversible error and did not violate I.R.E. 411.

■ During closing argument, the Baileys' counsel stated:

[Mr. Walther is] going to stand up and say well, this is all Mr. Southwick's fault. Do you know what that means?

*That means that this defendant, who admits that Virginia Bailey did absolutely nothing wrong, who admits that she's got a permanent, or irreversible condition, zero percent for Mrs. Sanford means Virginia Bailey recovers nothing, absolutely nothing.* (emphasis added)

Sanford objected to the last statement and the trial court noted the objection and said to the jury "the Court has instructed you on the law." The Baileys' counsel continued, stating "... whatever percentage goes against Sanford, that's the only thing Virginia recovers against Ms. Sanford. So if it's fifty-fifty, she only recovers fifty percent of the damages." Sanford's attorney in his closing remarks countered the statement as follows:

Mr. Southwick is solely responsible for Plaintiffs' injury claim in this case. There

is nothing that precludes Ms. Bailey from bringing a claim against Mr. Southwick.... She is not left without a remedy. This is not all or nothing....

Sanford argues the Baileys' statement that Virginia Bailey can only recover from Sanford misrepresented the law and prejudiced the jury against Sanford. Sanford asserts the misrepresentation constitutes reversible error mandating a new trial. However, Sanford successfully objected to the statement, the trial court noted that it had instructed the jury on the law, the Baileys' counsel subsequently correctly stated the law, and Sanford countered the statement in her own closing by commenting Virginia Bailey could recover from Southwick.[1] As a result, this Court finds no reversible error occurred.

■ Sanford further argues the Baileys' statement violated I.R.E. 411 because the statement implied Sanford had insurance coverage while Southwick did not. Under Idaho law the fact that a party does or does not have insurance cannot be admitted to prove negligence. I.R.E. 411. However, the Baileys' counsel never mentioned insurance, no insurance carrier was named as a party, and the Baileys never mentioned Sanford's ability or inability to pay. In addition, Sanford stated in closing arguments that Virginia Bailey could recover from Southwick. Even if the Baileys' statement implied Sanford carried insurance, Sanford successfully countered the implication. Thus the trial court did not err in denying a new trial on this basis.

### 2. The trial court's giving of Instruction No. 35 was harmless error.

■ After both parties presented closing arguments, the trial court gave corrective Instruction No. 35 orally, and then submitted a written copy to the jurors. Instruction No. 35 states:

You have the facts and the law of this case, you are to assess the negligence if any of Defendant Sanford, the negligence if any of Mr. Southwick as you find it.

---

1. At the time Sanford knew the Baileys could not recover from Southwick because they settled

their claims.

You are also to assess damages as you may find them. You are not to speculate whether or not Mr. and Mrs. Bailey may later bring an action against Mr. Southwick.

Sanford argues the trial court presented Instruction No. 35 without properly following the procedure outlined in Rule 51(a)(1) because the trial court did not submit Instruction No. 35 to the parties and did not allow the parties to make objections. Rule 51(a)(1) states:

The court may also prepare other written instructions to be given of its own motion, and shall submit to the parties the instructions that will be given, and provide adequate time and opportunity to all parties to read and consider said instructions, to discuss them with the court and counsel off the record, and to make objections thereto in the absence of the jury. All objections thereto, and any objections to the giving or failure to give an instruction, and any court's ruling thereon, must be made a part of the record.

While the trial court did not follow the procedures required by Rule 51(a)(1) when proposing an instruction to the jury, this error is harmless because Instruction No. 35 contained a correct statement of the law and Sanford has not shown any prejudice to her rights.

The standard of review for issues concerning jury instructions is limited to a determination of "whether the instructions, as a whole, fairly and adequately present the issues and state the law. When the instructions, taken as a whole, do not mislead or prejudice a party, even an erroneous instruction does not constitute reversible error." *Silver Creek Computers, Inc. v. Petra, Inc.,* 136 Idaho 879, 882, 42 P.3d 672, 675 (2002)(citing to *Howell v. Eastern Idaho Railroad, Inc.,* 135 Idaho 733, 24 P.3d 50 (2001)).

■ Sanford argues Instruction No. 35 prejudiced the jury against her because the sentence "[y]ou are not to speculate whether or not Mr. and Mrs. Bailey may later bring an action against Mr. Southwick" commented

directly upon Sanford's statements in closing argument:

"[t]here is nothing that precludes Ms. Bailey from bringing a claim against Mr. Southwick. Nothing has and nothing will. The compensation is to be sought and recovered and should be sought and recovered from Mr. Southwick ... And if she wants to get the $400,000 from Mr. Southwick, she is legally entitled to do that. She is not left without a remedy."

Sanford argues her counsel's statements in closing argument were an attempt to remedy the misrepresentations made by the Baileys' counsel in closing argument. Sanford further reasons that as a result of the Baileys' misrepresentations and Instruction No. 35, the jury became prejudiced against Sanford.

This Court is to look at the instructions as a whole, not in a piecemeal analysis as Sanford advocates. The trial court correctly advised the jury that they were to assess Sanford's and Southwick's negligence and assess damages. Also, the trial court correctly stated that under the law the jury was not to consider whether the Baileys' could recover elsewhere because the Baileys' ability to recover elsewhere was not an issue. These statements did not mislead the jury or prejudice Sanford and, therefore, this Court finds no error committed by the trial court which would require a new trial.

**D. *The award of attorney fees and discretionary costs to the Baileys***

■ Attorney fees in the case of a request for admissions submitted under I.R.C.P. 36(a), are governed by I.R.C.P 37(c). A trial court's decision to award attorney fees is a discretionary decision, which is reviewed for an abuse of discretion. *Perkins v. U.S. Transformer West,* 132 Idaho 427, 429, 974 P.2d 73 (1999).

**1. The trial court erred in awarding attorney fees under I.R.C.P. 37(c).**

■ After the settlement conference, the trial court issued an Order advising Sanford the trial court believed 1) Sanford did not appear at the settlement conference in good faith, and 2) that if the Baileys recovered, the trial court intended to use its discretionary

powers under Rule 37(c) to award attorney fees as "sanctions" against Sanford. The trial court reasoned the Baileys submitted requests asking Sanford to admit negligence and under Rule 37(c), the trial court had a mandatory duty to award the Baileys reasonable expenses.

■ Sanford argues the trial court abused its discretion by awarding attorney fees as a sanction for failing to participate in good faith in settlement negotiations. This Court has repeatedly held "[a] trial court's consideration of failed settlement negotiations, or of a refusal to negotiate a settlement, when deciding whether to award attorney fees is prohibited under Idaho law." *Smith v. Angell*, 122 Idaho 25, 29–30, 830 P.2d 1163, 1167 (1992). *See also Ross v. Coleman*, 114 Idaho 817, 761 P.2d 1169 (1988)(holding the failure to enter into or conduct settlement negotiations is not a basis for awarding attorney fees); *Payne v. Foley*, 102 Idaho 760, 639 P.2d 1126 (1982)(stating there is no authority for a trial court to insist upon, oversee, or second guess settlement negotiations, if any, and certainly no authority to impose sanctions for "bad faith" bargaining). Therefore, a trial court cannot sanction a party's conduct at a settlement conference by awarding attorney fees to the other party.

In this case, the trial court specifically stated in its order issued after the settlement conference that Sanford failed to participate in good faith at the settlement conference and the trial court intended to award attorney fees to the Baileys as "sanctions." The trial court's actual award came much later in the case and does not mention the settlement conference; rather, attorney fees are awarded under I.R.C.P. 37(c). Because there is no authority for the award of fees as a sanction for failing to participate in a settlement conference, we will assume the trial court, instead, relied on Rule 37(c).

Nevertheless, the trial court still failed to correctly apply Rule 37(c). Under that Rule, if a party fails to admit the truth of any matter requested under Rule 36, and the requesting party then proves the truth of the matter, the requesting party may "apply to the court for an order requiring the other party to pay reasonable expenses incurred in making that proof, including reasonable attorney fees." The trial court "*shall* make the order unless it finds that 1) the request was held objectionable pursuant to Rule 36(a), or 2) the admission sought was of no substantial importance, or 3) the party failing to admit had reasonable grounds to believe that the party might prevail on the matter, or 4) there was other good reason for the failure to admit." *Id.* (emphasis added). In *Ruge v. Posey*, 114 Idaho 890, 761 P.2d 1242 (Ct.App. 1988), the Court of Appeals concluded Rule 37(c) requires trial courts to award reasonable expenses unless one of the above exceptions applies. *See also Chenery v. Agri–Lines Corp.*, 115 Idaho 281, 288, 766 P.2d 751, 758 (1988).

Sanford denied requests to admit that: 1) at the time and place of the mishap in question, Defendant was negligent; 2) the negligence of the Defendant was a proximate cause of Plaintiff's injuries; 3) no other person or entity was negligent at the time and place of the mishap in question which was a proximate cause of Plaintiff's injuries; and 4) the sole cause of the collision in question was the negligence of Defendant. The trial court reasoned that because Sanford denied the requests and because the jury found Sanford negligent, then the trial court had a duty to award attorney fees under Rule 37(c). Further, the trial court concluded Sanford could reasonably believe she was liable for Virginia Bailey's injuries "even 1%, 2% or 3%, but to say she was in no way liable was not reasonable given the jurors job was to go in to solve disputes between parties which they did." Interestingly, following the close of evidence, the Baileys moved for a directed verdict and yet, the trial court at that point refused to find Sanford negligent, stating "it is a jury question for them to decide the negligence ... of Ms. Sanford."

The trial court must link its analysis of attorney fees to one of the exceptions of Rule 37(c). *Ruge*, 114 Idaho at 892, 761 P.2d at 1244. The trial court in this case attempted to link its analysis to the "reasonable belief" exception by stating it is the jurors' job to solve the dispute and implying that because it is the jury's province to determine negli-

gence, and the jury found Sanford negligent by some percent here, as a result Sanford was not entitled to reasonably believe a jury would find otherwise. This analysis seems to indicate that whenever a jury finds the defendant negligent, even in a relatively insignificant amount, the defendant acts unreasonably in not admitting negligence in the requests for admissions. This is not a correct analysis under *Ruge*.

Sanford could reasonably believe she would prevail at trial. Sanford did not receive a citation for violating traffic laws, the accident report did not assign her any responsibility, and Sanford's accident reconstruction expert would have testified Southwick had a greater opportunity to avoid the collision. Indeed, the jury found Sanford only 10% negligent, a relatively small percentage of the overall fault. It would cause a chilling effect on the parties to answer requests for admission in good faith, believing they had a legitimate argument over liability, only to have significant attorney fees assessed later as sanctions if they guessed wrong, even slightly.

This Court finds the trial court abused its discretion by awarding the Baileys attorney fees as a sanction based on Sanford's failure to admit any liability.

**2. The trial court did not make the necessary findings to award discretionary costs.**

The trial court's award of discretionary costs under I.R.C.P. 54(d)(1)(D) is not supported by any specific findings. Rule 54(d)(1)(D) provides that "any additional costs are allowed upon a showing that the costs are necessary and exceptional, reasonably incurred, and should in the interest of justice be assessed against the adverse party." "The trial court must make express findings as to why a discretionary cost should or should not be allowed." I.R.C.P. 54(d)(1)(D). Even if a trial court does not evaluate the costs item by item, express findings as to the general character of the requested costs meets the requirement of I.R.C.P. 54(d)(1)(D). *Roe v. Harris,* 128 Idaho 569, 574, 917 P.2d 403, 408 (1996)(citing *Fish v. Smith,* 131 Idaho 492, 494, 960 P.2d

175, 177 (1998)). A court may assess additional expert witness fees under I.R.C.P. 54(d)(1)(D). *Turner v. Willis,* 116 Idaho 682, 686, 778 P.2d 804, 808 (1989).

In this case, the Baileys claimed they reasonably incurred the following additional costs: expert witness fees for Dr. Widell and Dr. Phillips in the amount of $2429.50 and expert consulting fee with James Spooner of $660.00. The Baileys argued the costs were exceptional because the Baileys would not have incurred the costs if Sanford had admitted negligence. The trial court agreed and awarded the Baileys the expert fees, finding they were "necessary and exceptional." The trial court found the additional expert fees were necessary because "the rule regarding expert witness fees to be paid a maximum of $500.00 is not adequate." This is not a sufficient finding to support an award of discretionary costs under the Rule. Consequently, this Court finds that the trial court abused its discretion and reverses the award of discretionary costs.

**E. *Attorney fees to the Baileys on appeal***

The Baileys request attorney fees on appeal pursuant to I.C. § 12–121 and I.A.R. 41. We do not believe Sanford brought a frivolous or unreasonable appeal without foundation. Therefore, this Court denies the Baileys' request for fees.

**III.**

**CONCLUSION**

The trial court did not abuse its discretion in denying Sanford's motion for new trial because there was no reversible error in refusing to permit Quilantin to testify and in instructing the jury. We do, however, reverse the trial court's award of attorney fees and discretionary costs to the Baileys. Because of the mixed result, each party should bear their own costs on appeal.

Justices SCHROEDER, KIDWELL, EISMANN, and SCHILLING concur.