182 P.3d 709

**Kenneth COLE, Plaintiff–Respondent,**

v.

**Gladys ESQUIBEL, Defendant–Appellant,**

**and**

**Does I–V, Defendants.**

No. 33502.

Supreme Court of Idaho,
Boise, February 2008 Term.

May 7, 2008.

Rehearing Denied May 7, 2008.

Saetrum Law Offices, Boise, for appellant. Jeffrey Harr argued.

Johnson & Lundgreen, PC, Boise, for respondent. Scott L. Lundgreen argued.

## SUBSTITUTE OPINION.

### THE COURT'S PRIOR OPINION DATED MARCH 27, 2008 IS HEREBY WITHDRAWN.

EISMANN, Chief Justice.

This is an appeal from the district court's denial of a motion for a new trial and/or a remittitur on the ground that the evidence did not support the jury's award of future medical expenses. We modify the judgment to the amount of future medical expenses supported by the evidence.

### I. FACTS AND PROCEDURAL HISTORY

On November 14, 2002, Kenneth Cole was injured in an automobile accident caused by the negligence of Gladys Esquibel. Cole suffered soft tissue injuries and a fractured neck. He filed this action on October 27, 2004, and the case was tried to a jury in May 2006. It found that the accident was caused solely by Esquibel's negligence, and it award-

ed Cole economic damages in the sum of $40,000 and non-economic damages in the sum of $125,000. The only economic damages submitted to the jury were Cole's past and future medical expenses.

Esquibel filed a motion for a new trial and/or a remittitur challenging the award of both economic and non-economic damages. She alleged, among other things, that the evidence was insufficient to justify the award of damages for future medical expenses. The district court denied the motion, and Esquibel timely appealed.

## II. ISSUES ON APPEAL

1. Did the district court err in denying the motion for a new trial and/or remittitur?

2. Is either party entitled to an award of attorney fees on appeal?

## III. ANALYSIS

### A. Did the District Court Err in Denying the Motion for a New Trial and/or Remittitur?

The jury awarded Cole $40,000 in economic damages. The only economic damages submitted to the jury were Cole's past and future medical expenses. He presented evidence that he had incurred medical expenses totaling $16,745.68 prior to trial. In addition, his neurosurgeon testified that Cole should have additional x-rays and a CAT scan of his neck, which the evidence showed would cost at least $2,000. Thus, there was direct evidence that Cole's economic damages totaled $18,745.68.

■■■ There was no testimony that he needed any specific medical care in the future. Since the accident, Cole has continued to have headaches and pain in his neck and chest. The uncontroverted medical testimony was that his pain would continue and would worsen over time. Cole testified that he takes over-the-counter medications for the headaches, but he did not offer any evidence regarding the cost of such medications. There was no medical testimony stating that Cole would need treatment in the future for his ongoing pain.

In denying the motion the district court reasoned as follows:

> The jury could have looked at his past medical expenses ($16,745.68) and concluded that in the next 20 years (the jury was instructed that the life expectancy of a male the age of Mr. Cole was 20 years) he would need a significant amount of money to treat his pain. After all, he spent $16,745.68 in the 41 months prior to trial, equaling over $400.00 per month ($16,745.68 divided by 41 months). In the next twenty years (240 months) he would need $96.89 per month ($23,254.32 divided by 240 months).

The award of economic damages must be based upon proof, not upon speculation or conjecture. *Horner v. Sani–Top, Inc.*, 143 Idaho 230, 237, 141 P.3d 1099, 1106 (2006). For an award of future damages to be sustained, the plaintiff must prove them with reasonable certainty. *Id.*

The district court's reasoning for upholding the award was faulty. The medical expenses totaling $16,745.68 that Cole incurred were not regular, ongoing medical expenses incurred for the treatment of his pain. There is no evidence from which one could infer that he would be reasonably certain to incur similar expenses in the future. Other than the treatment of his fractured neck, the medical care to alleviate his pain consisted of chiropractic care from January 14 through June 23, 2003; physical therapy from January 27 through June 4, 2003; physical therapy from January 25 through February 22, 2006; and prescription pain medications last received in October 2004.

The medical testimony from Cole's chiropractor, neurosurgeon, and physician was that approximately six months of chiropractic care was reasonable. He received slightly over five months of chiropractic care that ended about three years prior to trial. There was no testimony that he would need chiropractic care in the future to help alleviate his pain. Likewise, there is no basis for inferring that the chiropractic care would be an ongoing medical expense.

Cole received physical therapy in 2003 and again in 2006, which helped his pain. The

physical therapist who provided the treatment in 2006 wrote Cole's physician a letter dated February 22, 2006. In it, he stated that Cole had made very good progress and should be discharged to a home exercise and treatment program because "he has demonstrated the ability to essentially manage his pain independently." Cole was discharged, and there was no testimony regarding the need for more physical therapy in the future. Likewise, there is no basis for inferring that he would need such therapy.

Cole also received prescription pain medications, but stopped doing so in 2004. There was no evidence from which one could infer that he would need prescription pain medications in the future. Even if, as predicted, his condition worsens, it would be merely speculation as to whether he would receive prescription medications for the pain, when he would begin doing so, what medications he would take, or how much they would cost.

Cole argues that *Bailey v. Sanford*, 139 Idaho 744, 86 P.3d 458 (2004), supports the jury's award of economic damages. The *Bailey* case was an action to recover damages for injuries received in a traffic accident. As a result of the traffic accident, Bailey would have back pain the rest of her life. The defendant argued on appeal that the trial court erred in including future medical expenses in the jury instruction outlining the measure of damages. In rejecting that argument, this Court stated:

> Sanford's argument also appears to disregard the itemized medical treatment bills submitted to the jury in Exhibits 13 and 14. These bills included physical therapy, exercise, and Pilates instruction Virginia Bailey received after the accident, and would continue to receive as long as she suffered back pain. A reasonable view of this evidence supports the trial court's decision to submit Instruction No. 20 instructing the jury to consider awarding future medical expenses to Virginia Bailey.

139 Idaho at 751, 86 P.3d at 465. There is a significant difference between the *Bailey* case and this one. Bailey incurred medical expenses for physical therapy, exercise, and Pilates instruction prior to trial, "and would continue to receive [such treatment] as long

as she suffered back pain." *Id.* The evidence in this case did not show that Cole would continue to receive chiropractic care, physical therapy, or prescription medications as long as he continued to suffer pain. In fact, the evidence was to the contrary.

 "When considering an appeal from a district court's ruling on a motion for new trial based on sufficiency of the evidence, this Court applies the abuse of discretion standard." *Griff, Inc. v. Curry Bean Co., Inc.*, 138 Idaho 315, 322, 63 P.3d 441, 448 (2003). "To determine whether a trial court has abused its discretion, this Court considers whether it correctly perceived the issue as discretionary, whether it acted within the boundaries of its discretion and consistently with applicable legal standards, and whether it reached its decision by an exercise of reason." *Reed v. Reed*, 137 Idaho 53, 57, 44 P.3d 1108, 1112 (2002).

In this case, the district court abused its discretion in denying the motion for a new trial and/or a remittitur. The decision was not consistent with applicable legal standards in that there was no evidence supporting an award of past and future medical expenses that exceeded the sum of $18,745.68. The district court's reasoning was faulty. It is not sufficient simply to infer that the average monthly expenditure for medical care prior to trial would continue for the next twenty years. The facts of this case would not support such an inference for any of Cole's medical expenses.

 The issue is the appropriate remedy. There is no reason to believe that the jury in a new trial on damages would award Cole less than $18,745.68 in economic damages. The district court found that a new trial would not change the outcome in this case. In her motion, Esquibel asserted that the jury's award of economic damages was excessive, appearing to have been given under the influence of passion and/or prejudice; that the jury ignored or misunderstood the jury instructions in making that award, and that the evidence was insufficient to support the award. She has not argued that an award of $18,745.68 would appear to have been given under the influence of passion or prejudice,

would indicate that the jury ignored or misunderstood the jury instructions, or would be unsupported by the evidence. Under the circumstances of this case, we believe that the appropriate remedy is to reduce the judgment for economic damages to the amount supported by the evidence, the sum of $18,745.68.

The judgment entered in this case included the amount of $165,000.00 as damages. The amount supported by the evidence is $143,745.68 ($125,000 in non-economic damages plus $18,745.68 in economic damages). We therefore direct the district court to enter an amended judgment reducing the award of damages to that amount. The judgment entered also included an award of court costs, including attorney fees, in the sum of $18,048.39, which has not been challenged on appeal and is unaffected by this opinion.

## B. Is Either Party Entitled to an Award of Attorney Fees on Appeal?

Both parties seek an award of attorney fees on appeal pursuant to Idaho Code § 12–121. Attorney fees can be awarded on appeal under that statute only if the appeal was brought or defended frivolously, unreasonably, or without foundation. *Gustaves v. Gustaves,* 138 Idaho 64, 57 P.3d 775 (2002). Cole did not prevail on this appeal, and we do not find that he defended the appeal frivolously, unreasonably, or without foundation. We therefore decline to award attorney fees on appeal.

## IV. CONCLUSION

The district court is directed to enter an amended judgment in conformity with this opinion. We award costs on appeal to appellant.

Justices BURDICK, J. JONES, W. JONES and HORTON concur.